UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED/XCEL-RX, LLC, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:19CV00221 SRC |
| | ) |
| EXPRESS SCRIPTS, INC., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Express Scripts, Inc.'s Motion to Dismiss Plaintiff's Complaint and to Strike Plaintiff's Prayer for an Award of Attorneys' Fees [7]. The Court grants the motion.

I. **BACKGROUND**

Plaintiff United/Xcel-RX, LLC ("XcelRx") filed a complaint in this Court on February 13, 2019, alleging Defendant Express Scripts, Inc. ("Express Scripts") breached a contract with XcelRx when Express Scripts improperly recouped $32,186.36 from XcelRx and terminated its relationship with XcelRx. The complaint alleges Express Scripts administers prescription drug benefit plans of insurance carriers and contracts with a network of retail pharmacies to dispense prescriptions. XcelRx alleges it entered into a contract with Express Scripts to provide and dispense covered prescription services to members. XCelRx asserts four claims against Express Scripts: (1) breach of contract; (2) unjust enrichment; (3) breach of the implied covenant of good faith and fair dealing; and (4) breach of contract – violation of "Federal Medicare's Any Willing Provider Law." Express Scripts moves to dismiss XCelRx's complaint asserting XcelRx lacks standing to maintain this lawsuit.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on lack of subject matter jurisdiction. The Eighth Circuit has held that "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)); *see also Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *C.S. ex rel. Scott v. Mo. State Bd. of Educ.*, 656 F. Supp. 2d 1007, 1011 (E.D. Mo. 2009). To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Here, as XCelRx concedes, a factual attack is alleged so the Court may consider matters outside the pleadings.

## III. DISCUSSION

Express Scripts asserts XCelRx does not have standing to maintain this lawsuit because Express Scripts contracted with ABN Healthcare, Inc. d/b/a XcelRx, not United/Xcel-Rx, LLC. Because XcelRx is not a party to the contract, Express Scripts argues it does not have standing to sue for an alleged breach of the contract.

The question of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 880 (8th Cir. 2015). Whether a plaintiff has standing to sue is the threshold question in every federal case. *McClain v. Am. Econ. Ins. Co.*, 424 F.3d 728, 731 (8th Cir. 2005). To satisfy Article III of the U.S. Constitution, a plaintiff must have "(1) suffered an injury in fact, (2) that is

fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A plaintiff must assert its own legal rights and interests and cannot assert the legal rights or interests of third parties. *Glickert*, 792 F.3d at 881.

In Missouri, only parties to a contract and third-party beneficiaries have standing to enforce the contract. *Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. 2007); *see also Martin v. Thomas*, No. 4:17-CV-1000 CDP, 2018 WL 3994010 at *2 (E.D. Mo. Aug. 21, 2018). "To be bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member." *Verni*, 212 S.W.3d at 153. In the absence of an express declaration of intent to benefit a third party, there is a strong presumption the third party is not a beneficiary. *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 135 (Mo. 2007).

Here, it is clear Express Scripts, on behalf of itself and Medco Health Solutions, Inc., contracted with ABN Healthcare Inc. ECF No. 10-1 ("Express Scripts, Inc. Pharmacy Provider Agreement"). The contract does not mention United/Xcel-Rx, LLC. Therefore, it is not a party to the contract or a third-party beneficiary.

XcelRx asserts ABN Healthcare's assets were sold to United/Xcel-Rx and consequently, ABN Healthcare underwent a change of ownership. XcelRx claims it notified its Provider Services Administration Organization of the change in ownership, who then notified Express Scripts. After being notified of the change of ownership, XcelRx states Express Scripts continued to act as though it had a contractual relationship and continued to accept claims processed by the pharmacy. Thus, XcelRx argues it is the proper plaintiff with adequate legal standing.

XCelRx does not include any of these allegations in its complaint. XCelRx cannot amend its complaint in its brief in opposition to a motion to dismiss. *Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989); *see also OS33 v. CenturyLink Commc'ns, LLC*, No. 4:17CV2603 CAS, 2018 WL 2267910 at *6 (E.D. Mo. May 17, 2018). The complaint also does not include any allegations of a valid assignment of the contract. The Provider Manual, attached to the contract, states:

> Any successor owner or operator ("Buyer") must be accepted to participate by [Express Scripts], execute a new Provider Agreement (at the discretion of [Express Scripts]; alternatively [Express Scripts] may allow assignment of the Provider Agreement to Buyer) and meet all of [Express Script's] credentialing and participation requirements.

ECF No. 24, § 1.5. The complaint includes no allegations that these steps were met. Without allegations of a valid assignment of the contract, XCelRx did not adequately plead it is a party to the contract and did not establish it has standing to sue. The Court dismisses the case for lack of standing.[1]

Express Scripts asserts several additional arguments in its motion to dismiss, if the Court had ruled there was standing. Because the Court decides the case based on lack of standing, it will not address the alternative arguments put forth by Express Scripts.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Express Scripts, Inc.'s Motion to Dismiss Plaintiff's Complaint and to Strike Plaintiff's Prayer for an Award of Attorneys' Fees [7] is

---

[1] XCelRx did not assert an argument in its memorandum in opposition as to whether its unjust enrichment claim should be decided differently for the purposes of standing. Because, XCelRx treated all of its claims the same as to the issue of standing, the Court does so as well. *TVI, Inc. v. Infosoft Tech., Inc.*, No. 4:06-CV-697 (JCH), 2007 WL 3312370 at *1 (Nov. 5, 2007) (citing *Smith v. Planned Parenthood of St. Louis Region*, 327 F. Supp. 2d 1016, 1021 (E.D. Mo. 2004) ("A party must provide the Court with citations to legal authority establishing the Court's authority to grant such a motion, or the standard to be applied . . .").

**GRANTED**. This matter is dismissed, without prejudice. Plaintiff shall file an amended complaint within fourteen days of this order.

So Ordered this 27th day of August, 2019.

_SL R. CR_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**