**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED/XCEL-RX, LLC, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-00221-SRC |
| | ) | |
| EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Express Scripts, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint [30]. The Court grants, in part, and denies, in part, the Motion.

**I.      BACKGROUND**

Defendant Express Scripts, Inc. filed a prior Motion to Dismiss Plaintiff United/Xcel-RX, LLC's ("XcelRx") Complaint, which the Court granted due to a lack of subject matter jurisdiction. The Court granted XcelRx leave to amend and XcelRx filed an Amended Complaint. Express Scripts filed the pending Motion to Dismiss reasserting the arguments raised in its original Motion to Dismiss and asserting XcelRx's Amended Complaint does not cure the fatal pleading defects related to assignment of the contract.[1]

---

[1] For further background on this case, the Court refers to its Memorandum and Order on Express Scripts' first motion to dismiss, Doc. 27.

## II. STANDARD

### A. Rule 12(b)(1) Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on lack of subject matter jurisdiction. The Eighth Circuit has held that "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)); *see also Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *C.S. ex rel. Scott v. Mo. State Bd. of Educ.*, 656 F. Supp. 2d 1007, 1011 (E.D. Mo. 2009). To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Here, XCelRx concedes that Express Scripts makes a factual attack, so the Court may consider matters outside the pleadings.

### B. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

### III. DISCUSSION

In its first Motion to Dismiss, Express Scripts argued XCelRx did not have standing to maintain this lawsuit because Express Scripts contracted with ABN Healthcare, Inc., not XCelRx. The Court held XCelRx was not a party to the contract and did not include any allegations of a valid assignment of the contract; thus, it did not adequately plead it was a party to the contract and did not establish it had standing to sue. XCelRx amended its Complaint to

3

include allegations of the purchase of the pharmacy, and all its assets and contracts, by XCelRx from ABN Healthcare. Express Scripts argues the new allegations still do not establish a valid assignment of the contract and XCelRx continues to lack standing to sue. In addition, Express Scripts asserts the Court must dismiss Count II for unjust enrichment because XCelRx fails to allege sufficient factual matter to establish that Express Scripts unjustly retained a benefit conferred by XCelRx, and the Court must dismiss Count IV for a violation of Medicare's Any Willing Provider ("AWP") law because the law does not provide for a private right of action.

    A.    **Standing**

Express Scripts asserts pleading a change of ownership is not enough and XCelRx must plead allegations of a valid assignment of the contract. According to Express Scripts, the contract requires four steps to validly assign the contract: (1) the contracted party must immediately notify Express Scripts of the change of ownership or control; (2) the notice must be given in writing; (3) Express Scripts must decide whether to accept the new owner as a network provider; and (4) Express Scripts must provide prior written consent for the assignment to be valid. Express Scripts argues XCelRx has not adequately pleaded a valid assignment of the contract, and more importantly, it has not produced any evidence of a valid assignment. Express Scripts argues XcelRx must produce evidence because it claims it factually attacks the Court's subject matter jurisdiction.

XCelRx does not need to produce evidence solely because Express Scripts claims it factually attacks the Court's subject matter jurisdiction. When deciding a motion under Rule 12(b)(1), a court must decide if a defendant makes a facial or factual attack on jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same

protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (internal quotations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* A factual attack does not convert a motion under Rule 12(b)(1) into a motion for summary judgment. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). When considering a factual attack, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Because, there is no statutory procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (internal quotations omitted). "[A] court can evaluate its jurisdiction without an evidentiary hearing, so long as the court has afforded the parties notice and a fair opportunity to be heard." *Id.* (internal quotations omitted). In *Johnson*, the Eighth Circuit held "the parties had ample opportunity to be heard through affidavits and briefs." *Id.*

In *Sandusky Wellness Center, LLC v. MedTox Scientific, Inc.*, the district court found MedTox made a factual attack on jurisdiction. 250 F. Supp. 3d 354, 357 (D. Minn. 2017). However, the district court did not require Sandusky to offer evidence of its allegations; instead, the court considered the allegations alongside deposition testimony and other evidence in the record. *Id.* at 357-359. The case law makes clear that in determining whether it has subject matter jurisdiction, the Court may consider the allegations in the complaint, the briefs submitted to the Court, affidavits, declarations, and any other evidence submitted by the parties. XCelRx does not need to produce additional evidence. Here, neither party requested an evidentiary hearing but the Court gave each party ample opportunity to be heard through briefs.

5

To establish standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also Carlsen*, 833 F.3d at 908. The Eighth Circuit warns "not to conflate Article III's requirement of injury in fact with a plaintiff's potential causes of action, for the concepts are not coextensive." *Carlsen*, 833 F.3d at 909. The Eighth Circuit "has held that a plaintiff who has produced facts indicating it was a party to the breached contract has a judicially cognizable interest for standing purposes, regardless of the merits of the breach alleged." *Id*. "To assert standing in a breach-of-contract claim, we do not require facts establishing the legal conclusion of a valid, enforceable contract." *Id*. (internal quotations omitted).

The original Complaint did not include any facts connecting XCelRx to ABN Healthcare. Thus, the Court could not conclude ABN had assigned its contract with Express Scripts to XCelRx. The Amended Complaint remedied that defect. XCelRx now alleges ABN Healthcare and XCelRx entered into an asset purchase agreement which included all rights under the contracts entered into by ABN on behalf of the retail pharmacy. XCelRx has provided facts indicating it was a party to the breached contract. *Carlsen*, 833 F.3d at 909. Whether or not XcelRx fulfilled the exact requirements of assignment as outlined in the Provider Agreement with Express Scripts goes to the merits of the breach alleged and whether a valid, enforceable contract exists. It does not affect XCelRx's standing under Article III of the Constitution. XCelRx alleges an injury-in-fact, fairly traceable to Express Scripts, that is likely to be redressed by a favorable decision in court. The Court denies Express Scripts' Motion on the issue of standing.

    **B.**    **Unjust Enrichment**

Express Scripts also asserts the Court must dismiss Count II for unjust enrichment because XCelRx does not allege sufficient factual matter to establish that Express Scripts unjustly retained any benefit conferred by XCelRx. Specifically, Express Scripts contends XCelRx does not allege facts sufficient to establish that Express Scripts' acceptance and retention of the benefit – $32,186.36 in reimbursements for claims filled by XCelRx – would be inequitable or unjust.

In Missouri, to establish a claim for unjust enrichment, a plaintiff must show "a benefit conferred by a plaintiff on defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 854 (8th Cir. 2014) (quoting *Hertz Corp v. RAKS Hosp., Inc.*, 196 S.W.3d 536, 543 (Mo. Ct. App. 2006)). The mere receipt of benefits is not enough; the plaintiff must show it would be unjust for the defendant to retain the benefit. *Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conference Ctr.*, 280 S.W.3d 678, 697 (Mo. Ct. App. 2009).

Here, XCelRx alleges that it conferred a benefit on Express Scripts by filling prescriptions for Express Scripts' members and beneficiaries. It states Express Scripts will recoup the full value of claims related to patient prescriptions, in the amount of $32,186.36, despite the fact that XCelRx conferred a benefit on Express Scripts' members and beneficiaries by providing the prescribed medications. Thus, according to XCelRx, Express Scripts has been unjustly enriched at XCelRx's expense.

XCelRx has adequately pleaded a claim for unjust enrichment. The amended complaint alleges XCelRx provided a service to Express Scripts' members and beneficiaries and Express Scripts now refuses to pay XCelRx for those services. As currently pleaded, Express Scripts'

retention of money owed to XCelRx qualifies as unjust enrichment. The Court denies Express Scripts' Motion on this point.

    **C.**    **Medicare's Any Willing Provider Law**

Express Scripts asserts the Court must dismiss Count IV for a violation of Medicare's AWP law because the law does not provide for a private right of action. XCelRx argues the claim asserts a breach of contract, not a private cause of action under the AWP. In Count IV, XCelRx titles its claim as a breach of contract but alleges Express Scripts violated the AWP by terminating XCelRx without a proper basis. XCelRx cites to 42 U.S.C. § 1395w-104(b)(1)(A), 42 C.F.R. § 423.120(a)(8)(i), and 42 C.F.R. § 423.505(b)(18) for the basis of its claim.

Congress must create private rights of action to enforce federal laws. *Syngenta Seeds, Inc. v. Bunge N. Am., Inc.*, 773 F.3d 58, 63 (8th Cir. 2014). A private right of action must be unambiguously conferred. *Armstrong v. Exceptional Child Care*, 135 S. Ct. 1378, 1387-88 (2015). The "task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Syngenta Seeds*, 773 F.3d at 63 (quoting *Alexander v. Sandoval*, 532 U.S. 275, 288 (2001)). "Statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" *Sandoval*, 532 U.S. at 289 (quoting *California v. Sierra Club*, 451 U.S. 287, 294 (1981)). A court's analysis begins with the text and structure of the statute and ends when it becomes clear Congress did not provide a cause of action. *Id.* at 289, n. 7.

The AWP, in 42 U.S.C. § 1395w-104(b)(1)(A), requires that "[a] prescription drug plan shall permit the participation of any pharmacy that meets the terms and conditions under the plan." Regulations for the AWP state, "in establishing its contracted pharmacy network, a Part D

sponsor offering qualified prescription drug coverage – (i) Must contract with any pharmacy that meets the Part D sponsor's standard terms and conditions." 42 C.F.R. § 423.120(a)(8)(i). And 42 C.F.R. § 423.505(b)(18) states:

> (b) The Part D plan sponsor agrees to –
>
> (18) To agree to have a standard contract with reasonable and relevant terms and conditions of participation whereby any willing pharmacy may access the standard contract and participate as a network pharmacy including all of the following:
>
> (i) Making standard contracts available upon request from interested pharmacies no later than September 15 of each year for contracts effective January 1 of the following year.
>
> (ii) Providing a copy of a standard contract to a requesting pharmacy within 7 business days after receiving such a request from the pharmacy.

None of these provisions provide an express or implied cause of action. The statutes and regulations focus on the entity regulated – the prescription drug plan and sponsor – rather than the entities protected – the pharmacies. Therefore, the AWP did not create an "implication of an intent to confer rights on a particular class of persons." *Sandoval*, 532 U.S. at 289. This Court has previously come to the same conclusion. *See Heartland Med., LLC v. Express Scripts, Inc.*, No. 4:17-CV-02873 JAR, 2018 WL 6831164 at *2 (E.D. Mo. Dec. 27, 2018) ("The Court finds that neither AWP provision can be read as creating a private right of action, either expressly or by implication."). Congress did not provide for a private right of action under the AWP.

XCelRx's argument it brings the claim as a breach of contract claim, not a claim under the AWP lacks merit. In *Astra USA, Inc. v. Santa Clara County, California*, the plaintiff attempted to bring a third-party beneficiary breach of contract claim to enforce a federal statute that did not provide a private right of action. 563 U.S. 110, 117 (2011). The Supreme Court held a suit to enforce an agreement that incorporates statutory obligations is "in essence a suit to enforce the statute itself." *Id*. at 118. It further held that "the absence of a private right of action

to enforce the statutory [] obligations would be rendered meaningless if [] entities could overcome that obstacle by suing to enforce the contract's [same] obligations instead." *Id*.

XCelRx attempts the same end-run around the absence of a private right of action here. It tries to enforce the obligations under the AWP through the contract even though the AWP does not create a private right of action. XCelRx's breach of contract claim is even weaker than that asserted in *Astra*; XCelRx does not even allege the contract incorporates the obligations required by the AWP. Instead, XCelRx simply alleges Express Scripts must comply with all federal laws. This cannot be the basis for a breach of contract claim when the AWP does not itself provide for a private right of action. The Court dismisses Count IV.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Express Scripts, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint [30] is **GRANTED, in part, and DENIED, in part**. The Court dismisses Count IV of Plaintiff United/Xcel-Rx, LLC's Amended Complaint.

So Ordered this 25th day of October, 2019.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**